UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

MAILK FOLKS,

Defendant.

**ORDER ON MOTION TO VACATE CONVICTION**

16-CR-323

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 0 2 2019 ★

BROOKLYN OFFICE

**Parties:**

For United States

For Defendant

**Appearances:**

Andrey Spektor
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6475

Mitchell A. Golub
M. Golub PLLC
225 Broadway, Suite 1515
New York, NY 10007
212-566-2242

**JACK B. WEINSTEIN, Senior United States District Judge:**

I. Introduction ........................................................................................................ 1

II. Background ....................................................................................................... 1

III. Law .................................................................................................................. 2

IV. Application of Law to Facts ............................................................................ 3

V. Conclusion ........................................................................................................ 4

## I. Introduction

It is a crime to brandish a firearm in furtherance of a crime of violence. The offense carries a seven-year mandatory minimum term of incarceration.

Defendant Malik Folks ("Folks" or "Defendant") was sentenced to the mandatory minimum for that offense following his participation in a robbery in Brooklyn, New York. He stipulated to participating in a Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. Defendant now moves to vacate his conviction, arguing that neither of the offenses of which he stipulated commission are crimes of violence. The government disagrees.

Defendant is correct that one of the offenses—conspiracy to commit Hobbs Act robbery—is not a crime of violence, but Hobbs Act robbery is. This is sufficient to sustain his conviction. Defendant's motion is denied.

## II. Background

In 2016, Folks, together with others, broke into an apartment in Brooklyn and robbed a family at gunpoint. *United States v. Rivera*, 281 F. Supp. 3d 269, 273 (E.D.N.Y. 2017). He was charged with (1) Hobbs Act robbery, (2) conspiracy to commit Hobbs Act robbery, and (3) brandishing a firearm in furtherance of a crime of violence. *Id.* at 274–75. Defendant ultimately pled guilty to Count Three. *Id.* at 275. He stipulated to participation in two crimes of violence—Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. *Id.* He did not plead guilty to either offense. *Id.*

Constrained by a mandatory minimum term of incarceration, this court—despite its concerns about the excessive statutory mandatory minimum—sentenced him to the minimum term of 84 months' incarceration. *Id.* at 288; *see id.* at 271 ("Statutorily mandated incapacitory sentences are usually unnecessary to increase public safety, or prevent recidivism; they place a tremendous financial burden on society through excessive incarceration." (citation omitted)).

In April 2019, Defendant moved *pro se* for modification of his sentence. *See* Mot. Modification Sentence Pursuant 18 U.S.C. § 3582(c)(2), Apr. 4, 2019, ECF No. 215. Counsel was appointed to prosecute the motion. He argues that Defendant's conviction should be vacated because neither Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery are crimes of violence. *See* Letter from M. Golub, May 5, 2019, ECF No. 219. The government opposes the motion on procedural and substantive grounds, arguing that Defendant has not properly moved to vacate his sentence and that the relevant offenses are crimes of violence. *See* Letter from M. Gandy, May 16, 2019, ECF No. 222.

## III. Law

"[A]ny person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(ii).

A crime of violence is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This is called the "force clause" or the "elements clause." *See United States v. Davis*, No. 18-431, 2019 WL 2570623, at *3 (U.S. June 24, 2019); *United States v. Hill*, 890 F.3d 51, 54 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019).

Until recently, an offense could be a crime of violence by meeting an alternative second definition, but that definition has been declared void for vagueness by the United States Supreme Court. *See Davis*, 2019 WL 2570623, at *13.

## IV.    Application of Law to Facts

Defendant stipulated to the commission of two crimes: Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. So long as one of the offenses is a crime of violence, Defendant's conviction shall be sustained.

Hobbs Act robbery criminalizes the conduct of a person who "in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section." 18 U.S.C. § 1951(a). "Robbery" is defined as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

The offense categorically meets the requirements of the "force clause," the United States Court of Appeals for the Second Circuit has concluded, because it requires the taking of property "by means of actual or threatened force, or violence, or fear of injury," the last of which involves the direct or indirect use or involvement of physical force. *See Hill*, 890 F.3d at 56–60. Hobbs Act robbery, thus, "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See id.* at 60 (quoting 18 U.S.C. § 924(c)(3)(A)). Defendant argues that the unconstitutionality of the second definition for crime of violence calls

into question whether Hobbs Act robbery is a crime of violence. But this development has no effect. Hobbs Act robbery is a crime of violence because it meets the requirements of the "force clause," not the now-unconstitutional second definition. *See id.*

Conviction for conspiracy to commit Hobbs Act robbery requires an agreement between two or more persons to commit Hobbs Act robbery and an overt act to effect the offense. 18 U.S.C. § 371. This conspiracy offense does not meet the requirements of the "force clause" because no element requires force. Although the Second Circuit previously concluded that the offense was a crime of violence, this was pursuant to the now-unconstitutional second definition. *See United States v. Barrett*, 903 F.3d 166, 177 (2d Cir. 2018), *vacated and remanded*, No. 18-6985, 2019 WL 2649797 (U.S. June 28, 2019); *see also Davis*, 2019 WL 2570623, at *13. Since it does not meet the requirements of the "force clause," conspiracy to commit Hobbs Act robbery is not a crime of violence. But Hobbs Act robbery remains a crime of violence. *See Hill*, 890 F.3d at 60.

## V.    Conclusion

Defendant's motion is denied. He cannot succeed on the merits. He was properly convicted for brandishing a firearm in furtherance of a crime of violence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated:  July 2, 2019
        Brooklyn, New York

4